Mr. Justice NELSON,
after stating the case, delivered the opinion of the court:
The argument is, that almonds are dried fruit, and hence are provided for in the second section of the act of 1857; and evidence was offered on the trial to show that such was the commercial sense of the term. But this inquiry had nothing to do with the question, and, indeed, it is difficult to see how any' such inquiry could take place except as matter of curiosity and speculation; for, certainly, such proof could not exist or be found in the sense of commercial usage under any of the tariff* acts, as a duty has been imposed on almonds, eo nomine, almost immemorially, at least since the duty act of 1804, and continued in the duty act of 1816, 1832, 1842, 1846. The article, as we have seen, is charged specifically with a duty of 40 p. e. ad valorem in the act of 1846, and is not named In the changes in the act of 1857. Eull effect can be given to the term “ fruit,” “ dried,” without the very forced construction to bring within it the article in question. Direction to the court below that almonds are subject to duty of 30 p. c. ad valorem. The other questions certified need not be answered.
Direction accordingly.